```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
MICHAEL TAYLOR,                 :
as next friend for              :
PATRICK COLOMBO AND JIMMY RIVERA,:
                                :
         Petitioners,           :    Civ. No. 19-18160 (NLH)
                                :
    v.                          :    OPINION
                                :
                                :
DEPARTMENT OF HOMELAND SECURITY,:
                                :
         Respondent.            :
_____ :
```

APPEARANCES:

Michael Taylor
479281C
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
     Petitioner Pro se

HILLMAN, District Judge

Michael Taylor, a prisoner at South Woods State Prison, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on behalf of Jimmy Rivera and Patrick Colombo (collectively "petitioners"), also inmates at South Woods State Prison. ECF No. 1. He argues petitioners must be released from custody because the Department of Homeland Security ("DHS") has illegally issued detainers against them. Id. Mr. Taylor also moves for a court order permitting him to serve someone other than DHS' attorney with the petition. ECF No. 2. For the

reasons that follow, the Court will dismiss the habeas petition and terminate the motion as moot.

I. BACKGROUND

Mr. Taylor states that petitioners are state-sentenced prisoners currently confined in South Woods State Prison, New Jersey. According to Mr. Taylor, Mr. Rivera entered the United States illegally but was wrongfully convicted by the State of New Jersey. ECF No. 1 at 1. Mr. Taylor states Mr. Rivera will be seeking to withdraw his guilty plea and cannot be deported while he is challenging the legality of his conviction. Id.

Similarly, DHS lodged a detainer against Mr. Colombo. Id. at 2. Mr. Taylor alleges that Mr. Colombo is a United States citizen and cannot be deported. Id.

Mr. Taylor asks the Court "inquire" into petitioners' custody and release them from custody. Id. at 1-2.

II. DISCUSSION

A. Legal Standard

Section 2241 of Title 28 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . . He is in custody under or by color of the authority of the United States . . . ; or . . . He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1),(3). A federal district court must dismiss a habeas corpus petition if it appears from the face of the

petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

    B. Analysis

Mr. Taylor attempts to bring this § 2241 as a "next friend" to petitioners. "[U]nder the 'next friend' doctrine, standing is allowed to a third person only if this third person could file and pursue a claim in court on behalf of someone who is unable to do so on his/her own." In re Telfair, 745 F. Supp. 2d 536, 560 (D.N.J. 2010), aff'd in part, vacated in part sub nom. Telfair v. Office of U.S. Attorney, 443 F. App'x 674 (3d Cir. 2011). The Supreme Court has set forth two requirements for asserting "next friend" standing. "First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." Id. at 163-64. "The burden is on the 'next friend' clearly to

establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

Petitioner has failed to establish standing to bring this habeas petition. He has not shown that petitioners are incapable of bringing this petition on their own behalf, nor has he shown that he has a "significant relationship" with petitioners.[1]

Moreover, petitioners cannot bring this § 2241 to challenge their DHS detainers. To invoke jurisdiction under § 2241 to challenge an immigration detainer, a petitioner must demonstrate the he was in custody pursuant to the detainer at the time he filed the petition. Henry v. Chertoff, 317 F. App'x 178, 179 (3d Cir. 2009); see Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016) (citing Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003) (collecting cases); see also Amenuvor v. Mazurkiewicl, 457 F. App'x 92, 93 (3d Cir. 2012) (indicating that a petitioner can challenge a final order of removal but not a mere detainer). Presently, petitioners are in the State of New Jersey's custody. Although petitioners ask to be released from their current

---

[1] Mr. Taylor also describes himself as petitioners' attorney. Mr. Taylor does not indicate to which bar he is admitted or whether he, a convicted and sentenced state prisoner, is licensed to practice law before this Court. See Local Civ. R. 104.1. See also N.J.S.A § 2C:21-22 (criminalizing the unauthorized practice of law).

confinement, challenges to the validity of their state convictions must be brought under 28 U.S.C. § 2254 after they have exhausted their state court remedies.

To the extent a certificate of appealability is required, the Court declines to issue one. Jurists of reason would not find it debatable that dismissal of the petition for lack of standing is correct and that petitioners are not in DHS custody for purposes of § 2241.

As the Court is dismissing the petition, Mr. Taylor's motion to serve someone other than DHS' attorney is moot. ECF No. 2.

III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is dismissed. No certificate of appealability shall issue. An appropriate order will be entered.


Dated: February 20, 2020      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.